## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**CIVIL NO. 1:15-CV-1846**

**MATTHEW HENDERSON, Individually and On Behalf of All Others Similarly Situated,**

**Plaintiff,**

**V.**

**HALLIBURTON ENERGY SERVICES, INC.,**

**Defendant.**

**JURY TRIAL DEMANDED**

---

## PLAINTIFF'S ORIGINAL COMPLAINT, COLLECTIVE ACTION, CLASS ACTION & JURY DEMAND

---

1.　　Defendant Halliburton Energy Services, Inc. ("Defendant") required Plaintiff Matthew Henderson ("Plaintiff") to work more than forty hours in a workweek as a Measurement While Drilling Engineer ("MWD").  Defendant misclassified Plaintiff and other MWDs throughout the United States as exempt from overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*  However, the job duties of an MWD do not satisfy the requirements for any exemption under the FLSA or any state law.  Thus, Defendant has misclassified Plaintiff and hundreds of other MWDs as exempt from overtime.

1

2.      Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).  Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b).  Members of the collection are referred to hereinafter as the "FLSA Class Members."

3.      Plaintiff worked for Defendant in Colorado and North Dakota.  Just as Defendant's misclassification of Plaintiff violates the FLSA, so too does that misclassification violate the state laws of Colorado and North Dakota.  As such, Plaintiff also brings claims under the Colorado Wage Claim Act, *see* Colo. Rev. Stat. §§ 8-4-101, *et seq.* ("CWCA") and Title 34 of the North Dakota Century Code as a Rule 23 Class Action.  Members of the Colorado and North Dakota classes are hereinafter referred to as, respectively, the "Colorado Class Members" and "North Dakota Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive, namely the failure of Defendant to pay overtime.

6.      Venue is proper in the District of Colorado because a substantial portion of the events forming the basis of this suit occurred in this District.

2

## PARTIES AND PERSONAL JURISDICTION

7.      Plaintiff Matthew Henderson is an individual residing in Douglas County, Colorado.  Plaintiff's written consent to this action is attached hereto as Exhibit "A."

8.      The FLSA Class Members are all current and former Measurement While Drilling Engineers, or workers employed in substantially similar positions during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

9.      The Colorado Class Members are all current and former Measurement While Drilling Engineers, or workers employed in substantially similar positions, who worked in Colorado during the three-year period before the filing of this Complaint.

10.     The North Dakota Class Members are all current and former Measurement While Drilling Engineers, or workers employed in substantially similar positions, who worked in North Dakota during the two-year period before the filing of this Complaint.

11.      Defendant Halliburton Energy Services, Inc. is a foreign corporation incorporated under the laws of Delaware.  Defendant may be served process through its registered agent Capitol Corporate Services, Inc., 36 South 18th Avenue, Suite D, Brighton, Colorado 80601.

## COVERAGE

12.     At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

13.     At all material times, Defendant has been an employer within the meaning of CO. REV. STAT. § 8-4-101(5) and all Colorado Minimum Wage Orders.

3

14.    Defendant Halliburton Energy Services, Inc. is a commercial support service company within the meaning of the applicable Colorado Minimum Wage Orders because it is a business or enterprise that is directly or indirectly engaged in providing service to other commercial firms through the use of service employees such as Plaintiff and the Class Members.

15.    At all material times, Defendant has been an employer within the meaning of N.D. CENT. CODE § 34-06-01(3).

16.    At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

17.    At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

18.    Furthermore, Defendant has an annual gross business volume of not less than $500,000.

19.    At all material times, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

20.    At all material times, Plaintiff and the Colorado Class Members were employees of Defendant with the meaning of CO. REV. STAT. § 8-104-101(4) and the applicable Colorado Minimum Wage Orders.

21.    At all material times, Plaintiff and the North Dakota Class Members were employees of Defendant within the meaning of N.D. CENT. CODE § 34-06-01(2).

4

## **FACTS**

22.     Defendant provides services in the oil and gas industry, including locating hydrocarbons, managing geological data, drilling oil wells, oil well construction, and oil production.

23.     Plaintiff worked for Defendant as an MWD from approximately August of 2013 to June of 2014.  He worked for Defendant in Colorado, Wyoming, and North Dakota.

24.     As an MWD, Plaintiff assisted in the drilling of oil wells.

25.     MWDs typically work a 12 hour shift at a well site and can work up to seven days each week.

26.     MWDs are paid on a salary basis plus a day rate for each day spent in the field. The day rate is not overtime pay, but rather a lump sum payment that must be included in the MWDs' regular rates of pay.

27.     Plaintiff and the class of MWDs are not exempt under the FLSA, Colorado law, or North Dakota law.

28.     MWDs do not supervise other employees or manage a customarily recognized department of Defendant's company.

29.     MWDs have no authority to hire or fire other employees.

30.     MWDs are field employees, not office or "white collar" employees.  They perform work related to Defendant's core business—i.e., hydrocarbon exploration—not the management of the company's operations.

31.     The primary duty of MWDs is to service oil wells.

32.     The work of MWDs does not require independent judgment and discretion.

5

33.    MWDs are not computer-systems analysts, computer programmers, software engineers, or other similar employees.

34.    Despite these facts, Defendant classifies MWDs as exempt from overtime pay.

35.    As a result of Defendant's pay policies, Plaintiff and the Class Members were denied overtime that is required under federal and state law.

36.    Defendant's conduct with respect to its compensation practices is willful within the meaning of the FLSA.

37.    Defendant knew, or showed reckless disregard for whether Plaintiff and the other MWDs were entitled to overtime pay.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

38.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

39.    Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

40.    None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

41.    Plaintiff incorporates by reference the allegations in the preceding paragraphs.

42.    Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of its employees.

43.    Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant.

44.    Other MWDs worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

45.    Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

46.    Defendant has classified and continues to classify FLSA Class Members as exempt employees.

47.    FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

48.    FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

49.    As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

50.    Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

51.    The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

52.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

53.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

54.     Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

55.     As such, the class of similarly situated workers is defined as follows:

> All current and former Measurement While Drill Engineers, all employees performing substantially similar jobs, who worked for Defendant during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

### COUNT TWO:  VIOLATION OF COLORADO WAGE CLAIM ACT (CLASS ACTION)

56.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

57.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the CWCA.  At all relevant times, Defendant has employed and continues to employ, "employees," including the Colorado Class Members and Plaintiff, within the meaning of the CWCA.

58.     As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the CWCA and the Colorado Minimum Wage Act, *see* COLO. REV. STAT. § 8-4-101, *et seq.*, as implemented by the Minimum Wage Order, thereby violating, and continuing

8

to violate, the CWCA.  These violations were committed knowingly, willfully and with reckless disregard of the law.

59.    As a result, Plaintiff and the Colorado Class Members have been damaged in an amount to be determined at trial.  Plaintiff, on behalf of himself and on behalf of the Colorado Class Members, hereby demands payment under the CWCA in an amount sufficient to compensate Plaintiff and the Colorado Class Members for all unpaid overtime wages.

## COUNT THREE:  VIOLATION OF TITLE 34 OF THE NORTH DAKOTA CENTURY CODE
### (CLASS ACTION)

60.    Plaintiff and the North Dakota Class Members incorporate all allegations contained in the foregoing paragraphs.

61.    Defendant's practice of failing to pay overtime at one and one half times Plaintiff's and the North Dakota Class Members' regular rates of pay violate Title 34 of the North Dakota Century Code and its implementing regulations.

62.    As a result, Plaintiff and the North Dakota Class Members have been damaged in an amount to be determined at trial.  Plaintiff, on behalf of himself and on behalf of the North Dakota Class Members, hereby demands payment under Title 34 of the North Dakota Century Code in an amount sufficient to compensate Plaintiff and the North Dakota Class Members for all unpaid overtime wages, interest, and treble damages.

## RULE 23 CLASS ACTION ALLEGATIONS

63.    Plaintiff incorporates by reference the allegations in the preceding paragraphs.

64.    Plaintiff brings his overtime claims arising under the CWCA and Title 34 of the North Dakota Century Code as a Rule 23 class action on behalf of the following classes:

9

Colorado Class:  All current and former Measurement While Drilling Engineers employed by Defendant in Colorado exempt during the three-year period before the filing of this Complaint.

North Dakota Class:   All current and former Measurement While Drilling Engineers employed by Defendant in North Dakota exempt during the two-year period before the filing of this Complaint.

65.    Although Plaintiff does not know the precise number of members of the proposed class, Plaintiff believes there are more than 100 individuals that fit into each class.

66.    The members of the classes are so numerous that their individual joinder is impractical.

67.    The identity of the members of the classes is readily discernible from Defendant's records.

68.    Plaintiff and the proposed classes on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

69.    Common questions of law and fact exist to all members of the classes. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

   a. Whether Plaintiff and the Class Members worked hours in excess of forty per work week;

   b. Whether Plaintiff and the Class Members worked in excess of 12 hours per day;

   c. Whether Plaintiff and the Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as prescribed by Colorado law or North Dakota law;

   d. Whether Defendant failed to classify Plaintiff and Class Members as non-exempt employees under Colorado law and North Dakota.

70.    These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

71.    Plaintiff's claims are typical of the claims of the classes because Plaintiff was not paid overtime wages in accordance with Colorado law and North Dakota law and because Defendant classified him as an exempt employee, just like the Colorado Class Members and North Dakota Class Members.

72.    Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the classes will be fairly and adequately protected by Plaintiff and his counsel.

73.    The class action under Colorado and North Dakota state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff, the Colorado Class Members, and the North Dakota Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues

11

of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court. Plaintiff is not aware of any other current litigation filed against this Defendant asserting similar claims.

74.    The operative question in this case is whether the workers in question were non-exempt employees.    Therefore evidence common to all classes will be determinative to all classes.

## JURY DEMAND

75.     Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

76.    For these reasons, Plaintiff prays for:

a.  An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) for all Measurement While Drilling Engineers, and all workers employed in substantially similar positions, to permit them join this action by filing a written notice of consent;

b.  An order certifying this case as a class action under Rule 23 for the Colorado and North Dakota state law claims;

c.  A judgment against Defendant awarding Plaintiff, the FLSA Class Members, Colorado Class Members, and North Dakota Class Members all of their unpaid overtime compensation and liquidated damages;

d.  An order awarding attorneys' fees, costs, and expenses;

e.  Pre- and post-judgment interest at the highest applicable rates; and

f.  Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:   /s/ Don J. Foty
        Don J. Foty
        dfoty@kennedyhodges.com
        Texas State Bar No. 24050022
        Admitted before U.S. District Court of
        Colorado
        711 W. Alabama St.
        Houston, TX 77006
        Telephone: (713) 523-0001
        Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND
CLASS MEMBERS